1  Brett L. Gibbs, Esq. (SBN 251000)
   Steele Hansmeier PLLC
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4

5  *Attorney for Plaintiff*

6

7           IN THE UNITED STATES DISTRICT COURT FOR THE

8                  NORTHERN DISTRICT OF CALIFORNIA

9                          OAKLAND DIVISION

10

11 PACIFIC CENTURY INTERNATIONAL      )   **No. C-11-02533 DMR**
   LTD.,                              )
12          Plaintiff,                )   Magistrate Judge: Hon. Donna M. Ryu
                                      )
13      v.                            )   **NOTICE OF MOTION AND**
                                      )   **MOTION FOR LEAVE TO FILE**
14 DOES 1 and 101[1]                  )   **AMENDED COMPLAINT**
                                      )
15          Defendants.               )   Date: Aug. 25, 2011
                                      )   Time: 11:00 a.m.
16

17      **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

18      PLEASE TAKE NOTICE that on August 25, 2011 at 11:00 a.m., or as soon thereafter as the

19 matter can be heard, in the courtroom of the Honorable Donna M. Ryu, located at the Oakland

20 Courthouse, Courtroom 4 – 3rd Floor, 1301 Clay Street, Oakland, California 94612, Plaintiff, Pacific

21 Century International, LTD ("Pacific Century") will, and hereby does, move for an order granting it

22 leave to file its Amended Complaint and ordering that the Amended Complaint submitted with this

23 motion be deemed filed.

24 ///

25

26 [1] The Court's Order Granting Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery in Part; Severing Doe Defendants From Case; and Ordering Dismissal of their Claims (July 8, 2011 [hereinafter July 8, 2011 Order], ECF No. 7), while granting discovery as to one Doe Defendant, stated that "it is further ORDERED that Defendant Does 2–
27 100 are SEVERED from this action; and it is further ORDERED that Plaintiff's claims against Defendants Does 2–100 be dismissed without prejudice for improper joinder." While allowing for Plaintiff to proceed in its discovery efforts
28 against Doe Defendant #1, the Court did not specify how Doe Defendant #101 was to be treated. While Plaintiff assumes that Doe #101's non-severance was merely the result of a scrivener's error, Plaintiff knows that making assumptions for the Court is generally not a wise course.

By this motion, Plaintiff seeks leave to file its Amended Complaint, as well as an order that the Amended Complaint submitted with this motion be deemed filed. The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Pacific Century's Amended Complaint, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Through this motion, Pacific Century seeks leave to file its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Pacific Century International's Amended Complaint, attached hereto as Exhibit A, renames the Doe Defendants previously severed from this action and fortifies Plaintiff's factual allegations in favor of joining one-hundred and one Doe Defendants. Pacific Century's Amended Complaint is timely, does not cause any prejudice to Doe Defendants, and should be permitted.

### II. STATEMENT OF FACTS

Plaintiff Pacific Century filed this lawsuit on May 25, 2011. On May 26, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) This Court then issued its July 8, 2011 Order, granting Plaintiff's request in part, but severing certain Doe Defendants for misjoinder. (ECF No. 7.) In its Order, the Court noted a "fundamental constraint" on Plaintiff's allegations supporting joinder—namely, "the fact that BitTorrent users may upload different initial files of a given work, which results in the creation of distinct swarms"—and found that "[t]his deficiency proves fatal to Plaintiff's attempt to join Defendants . . . ." (July 8, 2011 Order 6:13–15, 6:25–7:6.) While Plaintiff respectfully disagrees with the Court's Order, and believes that its joinder allegations in the original Complaint exhaustively address the Court's "multiple file" concern,[2] Plaintiff is nevertheless pleased to fortify its pleadings to address in other ways the

---

[2] For example, Plaintiff alleged, "The series of transactions in this case involved the Doe Defendants exchanging pieces of the Work over the Internet amongst one another with each Doe Defendant sharing pieces of Plaintiff's copyrighted file with each other and numerous third parties (otherwise known as "torrent swarming") to obtain a complete copy of Plaintiff's Work . . . . Doe Defendants in this case, in order to download Plaintiff's Work, intentionally engaged in [] concerted action with other Doe Defendants by entering the torrent swarm." (Compl. ¶ 5.) A swarm can only exist with respect to a single hash value (a hash value is simply a string of characters that uniquely identifies a collection of data,

"multiple file" concern. Plaintiff seeks this Court's leave to rename the severed Doe Defendants and file an amended complaint with significantly fortified joinder allegations, specifically denoting the facts the Court found lacking from Plaintiff's original Complaint.

### III. ARGUMENT

**A. Leave Is Freely Granted to Amend.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and the Northern District of California have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see also, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

---

such as a video—not unlike a social security number can be used to uniquely identify an individual—and videos of different resolutions, for example, would be assigned different hash values.). Plaintiff alleged that the defendants participated in a single swarm, which would naturally be associated with a single set of data. Parenthetically, the nature of the BitTorrent protocol is that small swarms tend to die off while large swarms tend to blossom. The reason for this is that BitTorrent experiences positive "network" externalities (i.e., as a swarm grows the effectiveness of data transfer improves exponentially because there are more sources of pieces of a file, and vice-versa). Thus, it is not unsurprising or implausible to learn that files tend to be exchanged in a single swarm—as opposed to multiple disparate swarms.

**B.    Amendment Should Be Permitted Here.**

Pacific Century's Amended Complaint is timely and should be allowed. Pacific Century falls well within the liberal standard for freely allowing the amendment of pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'"). There is no prejudice to Doe Defendants here. The Doe Defendants, whose identities are unknown to Plaintiff and to the Court at this time, will not have spent time or money in responding to Plaintiff's original Complaint, as they are unlikely to yet be aware of this lawsuit, let alone of any filings before this Court. Additionally, Pacific Century's Amended Complaint does not change the nature of the lawsuit, nor will Doe Defendants be precluded from seeking discovery in relation to the Amended Complaint. After Doe Defendants have been named and served, they will have an opportunity to seek discovery regarding Plaintiff's Amended Complaint and regarding any potential defenses they might assert. Accordingly, Doe Defendants will not be prejudiced by an order granting leave to file Pacific Century's Amended Complaint.

Moreover, Pacific Century offers its Amended Complaint in good faith and without undue delay. Pacific Century has amended its complaint only to fortify its pleadings with respect to issues that this Court raised in its July 8, 2011 Order. (ECF No. 7.) The Amended Complaint fortifies Plaintiff's factual allegations supporting Pacific Century's joinder of one-hundred and one Doe Defendants, as well as fortifying its previously asserted claims for copyright infringement and civil conspiracy. *See Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8–9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit"). Plaintiff has no desire to delay this litigation; indeed, time is of the essence in seeking identifying information of the Doe Defendants.

Finally, Pacific Century's Amended Complaint is not futile. The Court identified a single "fundamental constraint" preventing Plaintiff from meeting the permissive joinder requirement of Fed. R. Civ. P. 20(a)(2)(A), and Plaintiff believes it has now exhaustively addressed this

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, No. C 11-02533-DMR

fundamental constraint through the fortified allegations in its Amended Complaint. (July 8, 2011 Order 6:13–7:1, ECF No. 7.) Specifically, the Court found "that BitTorrent users may upload different initial files of a given work, which results in the creation of distinct swarms." (*Id.* at 6:13–15.) The Court illustrated its point by contrasting hypothetical BitTorrent swarms for a "low definition" and "high definition" file containing the "same copyrighted work," and noting that "the participants in the first swarm would not interact with those in the second swarm." (*Id.* at 6:3–25.) Plaintiff's Amended Complaint addresses these concerns by clarifying that Plaintiff had already eliminated this hypothetical possibility in producing Exhibit A to the Complaint (May 25, 2011, ECF No. 1-2) listing all of the IP addresses identified in the relevant swarm in this case—only one unique and singular computer file (the "File") is at issue in this case, identifiable by its unique hash value,[3] and identical across all identified copies in all ways, including, but not limited to, "definition" or pixel resolution. (*See* Amend. Compl. ¶¶ 6, 8, 23.) In other words, each Doe was swarming one entirely unique version of the particular Video identified in the Complaint. There were not multiple swarms, as the Court speculates, there was only one. All one-hundred and one originally-identified Doe Defendants, and their corresponding IP addresses, took intentional, concerted action to enter this torrent swarm particular to the unique and singular File containing Plaintiff's copyrighted Video and unlawfully download it. (*Id.* at ¶¶ 8, 23.) Thus, the Court's concern—that the copyrighted work Plaintiff identified might take the form of multiple different computer files in multiple resolutions, spawning multiple separate non-interacting swarms—has been addressed in Plaintiff's fortified pleadings.

The Court listed, but did not reach, other "critical questions" regarding joinder, including whether a question of law or fact common to all Doe Defendants will arise in the course of the litigation. (July 8, 2011 Order at 7 n.2, ECF No. 7.) Plaintiff has listed some, but not all, examples of common questions in both its original and Amended Complaint (¶ 8), and similar questions have been held sufficient to sustain joinder. *See, e.g.*, *Call of the Wild Movie, LLC v. Does 1–1,062*, No.

---

[3] This "hash value" is also known as a "fingerprint" because it is entirely unique to every file in the world. Thus, two versions of a seemingly same video will be assigned different hash values ultimately because they are different files. Just like two identical twin brothers are not the same person, so too are similar files with different hash values—nearly the same, but not. Our analysis focuses on swarms downloading a File with the same hash value, thus avoiding the multiple swarm issue that the Court raises in its July 8, 2011 Order.

10-455, 2011 WL 996786, at *5 (D.D.C. Mar. 22, 2011) (Howell, J.) (listing "the validity of the copyrights in the movies at issue," "the infringement of the exclusive rights reserved to the plaintiffs as copyright holders," and "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate . . . the infringing activity" as common questions supporting joinder). The Court also listed the questions of whether joinder would prejudice any party, result in needless delay, or impair the administrative efficiency of the Court as "critical" considerations. (July 8, 2011 Order at 7 n.2, ECF No. 7.) These questions have been exhaustively addressed by other courts, which have found them to weigh in favor of joinder during the preliminary stages of litigation under similar facts and pleadings. *See, e.g.*, *Call of the Wild Movie*, 2011 WL 996786, at *4 ("Joinder will avoid prejudice and needless delay for the only party currently in the case, namely the plaintiff, and promote judicial economy."); *see also, e.g.*, *MGCIP* [sic] *v. Does 1–316*, No. 10 C 6677, 2011 WL 2292958, at *2 (Kendall, J.) (denying motions to sever and finding that "sufficient facts have been plead to support the joinder of the putative defendants at this time"); *MCGIP, LLC v. Does 1–18*, No. C-11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (denying motions to sever and finding joinder "proper"); *see also SEC v. Leslie, et al.*, No. C 07-3444, 2010 WL 2991038 at *4 (N.D. Cal. July 29, 2010) (Fogel, J.) (Judge Fogel finds that severance would not result in judicial economy, but a waste of judicial resources).. The Court also listed personal jurisdiction as a final critical question regarding joinder. (July 8, 2011 Order at 7 n.2, ECF No. 7.) Plaintiff notes that it used geolocation technology to trace the IP addresses of each Doe Defendant to a point of origin within the State of California, thereby establishing with as much certainty as technologically possible, prior to discovery of Doe Defendants' identifying information, that the putative defendants are likely to be within the personal jurisdiction of this Court. (Amend. Compl. ¶ 3.) Although geolocation technology can only determine where the putative defendants are likely to be located and is not a basis for final adjudication of the issue, it provides a good-faith basis for postponing further evaluation of personal jurisdiction until Plaintiff has identified, named, and served Doe Defendants.

In sum, Plaintiff Pacific Century's Amended Complaint is timely and in good faith, contains claims similar to those originally asserted, does not prejudice Doe Defendants, and is not futile

because Pacific Century has addressed every factor that the Court listed as justifying, or potentially justifying, severance of the original one-hundred and one Doe Defendants in its July 8, 2011 Order. (ECF No. 8.) Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Pacific Century's motion for leave to file an Amended Complaint should therefore be granted.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff Pacific Century respectfully seeks leave of this Court to file the proposed Amended Complaint.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: July 13, 2011**

By:      /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*