Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD.,       ) <br>              Plaintiff,   ) <br>                       ) <br>       v.               ) <br>                       ) <br> DOES 1-101,         ) <br>                       ) <br>            Defendants.  ) <br> _____) | **No. C-11-02533 DMR** <br><br> Magistrate Judge: Hon. Donna M. Ryu <br><br> **PLAINTIFF'S RESPONSE TO THE COURT'S ORDER RE UPDATE ON STATUS OF SUBPOENA RE DEFENDANT DOE 1** |

### PLAINTIFF'S RESPONSE TO THE COURT'S ORDER RE UPDATE ON STATUS OF SUBPOENA RE DEFENDANT DOE 1

Plaintiff Pacific Century International LTD., hereby submits this response to the Court's October 24, 2011 Order Re Update on Status of Re Defendant Doe 1 (ECF No. 24, hereinafter "October 24 Order").

Plaintiff filed its Complaint in this matter on May 25, 2011. (ECF No. 1.) The very next day, Plaintiff filed an *Ex Parte* application for leave to take limited discovery prior to the Rule 26(f) Conference. (ECF No. 5.) The discovery sought by Plaintiff was the subscriber information associated with the IP addresses over which infringing activity occurred. Plaintiff sought this information on the grounds that its case could not proceed without learning this information and that the information would be destroyed with the passage of time. (*Id.*) On July 8, 2011, the Court issued its Order Granting Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery in Part; Severing Doe Defendants from Case; and Ordering Dismissal of Their Claims (ECF No. 7,

hereinafter "July 8 Order"). That same day, Plaintiff issued the subpoena to Doe 1's Internet Service Provider, Verizon Online (hereinafter "the ISP").   Based on this timeline, the earliest subpoena return date was mid-September 2011.  However, Plaintiff is still awaiting a response from the ISP and—in light of the Court's Order—has made an unscheduled status inquiry. Subpoena responses can be delayed for reasons outside of Plaintiff's or an ISP's control. For example, law enforcement subpoenas generally take priority over civil subpoenas.

Per the Court's October 24 Order, "If Plaintiff has served the subpoena, Plaintiff shall inform the court (1) why Doe 1 has not been named a defendant in this matter and (2) whether Plaintiff has communicated with Doe 1." (October 24 Order at 19-21.)  While Plaintiff has issued the subpoena to the ISP, Plaintiff has not yet received the subscriber information sought in the subpoena and thus has not communicated or named the Defendant in this action.

Respectfully Submitted,


STEELE HANSMEIER, PLLC,

**DATED: October 25, 2011**

By:      /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PLAINTIFF'S RESPONSE TO COURT'S ORDER RE UPDATE ON STATUS OF SUBPOENA   No. C-11-02533 DMR