UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>DOES 1-101,<br><br>    Defendants.<br>_____/ | No. C-11-02533 (DMR)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

    Plaintiff Pacific Century International, Ltd. moves the court *ex parte* pursuant to Federal Rules of Civil Procedure 26 and 45 for leave to take expedited discovery so that it may unearth the identities of the as-of-yet unnamed defendants ("Defendants") in this action. For the reasons provided below, the court denies Plaintiff's motion and severs Defendant Does 2-101 from this case.

**I. Background**

    Plaintiff filed this action on May 25, 2011 to stop Defendants from reproducing and distributing its copyrighted work ("the Work") via peer-to-peer file swapping networks. (Am. Compl. ¶¶ 1, 7. *See generally* Compl.) Specifically, Plaintiff contends that by using the BitTorrent protocol, Defendants have committed copyright infringement under 17 U.S.C. §§ 101-1322 and engaged in a civil conspiracy under California law to do so. (Am. Compl. ¶¶ 31-45.) Because the

alleged infringement occurred on the Internet, Defendants acted under the guise of their Internet Protocol ("IP") addresses rather than their real names. (Am. Compl. ¶ 8.) Therefore, Plaintiff cannot determine Defendants' true identities without procuring the information from their respective Internet Service Providers ("ISPs"), which can link the IP addresses to a real individual or entity. (Am. Compl. ¶ 8.)

On May 26, 2011, Plaintiff filed an *ex parte* motion to take limited discovery and issue subpoenas to the relevant ISPs so that the ISPs would produce the name, address, telephone number, e-mail address, and Media Access Control information attached to each IP address that Plaintiff had discovered through its own investigations. (Pl.'s *Ex Parte* Application for Leave to Take Expedited Discovery ("Pl.'s First Mot.") 1-3, Ex. A.) The court granted Plaintiff's motion as to Defendant Doe 1 on July 8, 2011, and severed the remaining Defendants from the case, because Plaintiff had not met the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a)(2). [Docket No. 7.] Nearly three months later, Plaintiff filed an amended complaint which sought to address the court's joinder concerns. (*See* Am. Compl. ¶¶ 9-30.) Plaintiff now renews its *ex parte* motion to take limited discovery so that it may issue subpoenas to the relevant ISPs "to collect subscriber information related to [IP] addresses listed on Exhibit A to its First Amended Complaint." (Pl.'s *Ex Parte* Application for Leave to Take Expedited Discovery with Expanded Joinder Discussion ("Pl.'s Mot.") 1.)

## II. Expedited Discovery

Although Courts in the Ninth Circuit disfavor exceptions to the general rules of discovery, *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citations omitted). Good cause exists where "the need for expedited discovery, in consideration of

2

the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067. In this particular context, the court must balance "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances" against "the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co.*, 185 F.R.D. at 578; *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 & nn.10-11, 179 (D. Mass. 2008) (noting that even copyright infringing file downloading entitled to degree of First Amendment protection) (holding that court must consider "the expectation of privacy held by the Doe defendants, as well as other innocent users who may be dragged into the case (for example, because they shared an IP address with an alleged infringer.)" (citation omitted)); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004).

### III. Discussion

After a thorough examination of the record and relevant case law, the court finds that Plaintiff's sought-after discovery, as designed, has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that outweighs Plaintiff's need for discovery. Therefore, the court denies Plaintiff's motion. *See Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066; *London-Sire Records, Inc.*, 542 F. Supp. 2d at 163 & nn.10-11, 179; *Semitool, Inc.*, 208 F.R.D. at 276.

In its motion, Plaintiff redefines "Defendants" in manner that would ensnare unknown numbers of innocent individuals or entities into this matter. Tucked away in a footnote, Plaintiff discreetly attempts to expand "Defendants" for purposes of this expedited discovery request to encompass not only those who allegedly committed copyright infringement -- proper defendants to

Plaintiff's claims -- but ISP "Subscriber[s]" over whose internet connection the Work allegedly was downloaded. (Pl.'s Mot. 4 n.1. *But see* Am. Compl. ¶¶ 7, 9-10, 26, 29, 32-34, 39-44 (defining Defendants as persons or entities that infringed on Plaintiff's copyright).) In this manner, Plaintiff glosses over one of the most troubling aspects of its request for early discovery, for as Plaintiff concedes, in some cases "the Subscriber and the Doe Defendant [will] *most likely not* [*be*] *the same individual*." (Pl.'s Mot. 4 n.1 (emphasis added); *accord* Pl.'s Mot. 8.) Granting Plaintiff the form of relief that it seeks in this motion thus would impermissibly allow Plaintiff to subpoena ISPs to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and potentially subject them to onerous, invasive discovery and/or unfair settlement tactics, as discussed below. *See London-Sire Records, Inc.*, 542 F. Supp. 2d at 163 & nn.10-11, 179; *Columbia Ins. Co.*, 185 F.R.D. at 578.

In concert with this rhetorical shift, Plaintiff disavows previous representations to the court that the requested discovery would allow it to "fully identify" Defendants (Pl.'s First Mot. 4 (quotation marks omitted)) and admits that the discovery often will not reveal Defendants' identities. Its motion expressly states that "[t]he only way that Plaintiff can determine Doe Defendant(s)' actual names is by first getting Subscriber information linked to the addresses on Exhibit A to the Amended Complaint from the ISPs, and, from there, determine the Doe Defendant that accessed the network and unlawfully downloaded Plaintiff's copyrighted works." (Pl.'s Mot. 4; *accord* Pl.'s Mot. 4 n.1 ("[L]imited additional discovery [will be] needed to identify the Doe Defendants."). *Compare* Pl.'s Mot. 4 & n.1, *with* Am. Compl. ¶¶ 7, 9-10, 26,29, 32-34, 39-44; Pl.'s First Mot. 3 ("When provided with a Doe Defendant's IP address and the date and time of the infringing activity, an ISP can accurately identify the Doe Defendant."), 6 ("The ISPs can identify each Defendant by name through the IP address . . . .").) In other words, Plaintiff must go beyond the "limited discovery" that it earlier asserted would lead to Defendants' identities. (*See* Pl.'s Mot. 1; Pl.'s First Mot. 1) Plaintiff is noticeably vague about what additional discovery it would need. But as noted by Judge Grewal in a similar case prosecuted by Plaintiff's counsel (but not cited in his motion), this approach may lead to copious amounts of additional discovery to ferret out the alleged infringers. *See Boy Racer, Inc. v. Does 1-52*, No. C-11-2329-PSG, at *4 (stating that in proposed discovery expedition to uncover doe

4

defendants' identities, "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an inspection, [the plaintiff] might require still more discovery, including interrogatories, document requests and even depositions.") (N.D. Cal. Sept. 13, 2011) (order denying further discovery in similar case) (footnote omitted). Given this new information, the court finds that Plaintiff has not shown good cause to obtain leave to take expedited discovery. The burdens of the potentially expansive and intrusive discovery that Plaintiff may need to propound to obtain Defendants' identities likely would outweigh Plaintiff's need for the information. *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066; *Semitool, Inc.*, 208 F.R.D. at 276. In addition, the court shares the concern that these cases potentially open the door to abusive settlement tactics. *See On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 WL 4018258, at *3 & n.6, 4 (N.D. Cal. Sept. 6, 2011) Nothing currently prevents Plaintiff from sending a settlement demand to the individual that the ISP identifies as the IP subscriber. That individual -- whether guilty of copyright infringement or not -- would then have to decide whether to pay money to retain legal assistance, or pay the money demanded. This creates great potential for a coercive and unjust "settlement."

### IV. Permissive Joinder

Rule 20 of the Federal Rules of Civil Procedure, in relevant part, permits a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When determining whether defendants are joined properly, the court should "liberally construe[] [the requirements] in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-455, 2011 WL 996786 (D.D.C. Mar. 22, 2011) (citation & quotation marks omitted); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Diabolic Video Prods., Inc.*, No. 10-CV-5865, at *5. If defendants do not satisfy the test for permissive joinder, the court may sever the misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Coughlin*

*v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citation omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").

In addition to the Rule 20(a)(2) criteria, the court has a parallel duty to ensure that permissive joinder "would comport with the principles of fundamental fairness or would [not] result in prejudice to either side." *Hard Drive Prods., Inc. v. Does 1-188*, No. 11-1566-JCS, 2011 WL 3740473, at *2 (N.D. Cal. Aug. 23, 2011) (citations and quotation marks omitted) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)); *accord On the Cheap, LLC*, 2011 WL 4018258, at *6. The court also has discretion to sever an action when joinder would "confuse and complicate the issues for all parties involved." *Hard Drive Prods., Inc.*, 2011 WL 3740473, at *2 (citations and quotation marks omitted); *accord On the Cheap, LLC*, 2011 WL 4018258, at *6. In the order disposing of Plaintiff's previous motion for *ex parte* discovery, the court declined to address the prejudicial and managerial aspects of the permissive joinder inquiry as unnecessary to the result. *Pac. Century Int'l, Ltd. v. Does 1-101*, No. 11-2533, 2011 WL 2690142, at *4 n.2 (N.D. Cal. July 8, 2011). The court now finds the issue ripe for discussion.

The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel it to sever Does 2-101 from this case. An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 101 such claims would be inefficient, chaotic, and expensive. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001). Each Defendants' varying defenses would require the court to cope with separate discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. *See Boy Racer*, No. C-11-2329-PSG, at *5. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions -- a thoroughly unmanageable and expensive ordeal. Similarly, *pro se* Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and

other submissions throughout the pendency of the action at substantial cost. The court agrees with the conclusions of *On the Cheap, LLC* and *Hard Drive Productions, Inc.* and cannot permit a case to proceed in this manner. 2011 WL 4018258, at *2-3; 2011 WL 4018258, at *14-15.

## V. Conclusion

In light of Plaintiff's prior misrepresentations about the discovery needed to identify Defendants; Plaintiff's present attempt to obfuscate the significant degree of discovery required to uncover Defendants' identities by conflating "Subscribers" and "Defendants" in its motion; and the potentially tremendous burden that the discovery now sought may place on innocent individuals, the court DENIES Plaintiff's motion. Furthermore, because of the substantial difficulties that permissive joinder would create in this case, the court ORDERS Defendants Does 2-101 SEVERED from this case and Plaintiff's claims against them DISMISSED without prejudice for improper joinder.

The court recognizes the difficulty faced by Plaintiff because it cannot move its case forward without identifying an unknown defendant. To date Plaintiff has issued a subpoena to the ISP of Doe 1 but has not received a response. When the response does arrive, Plaintiff may take no further action with respect to Doe 1, be it further discovery or sending Doe 1 a settlement letter. Rather, the court ORDERS that Plaintiff submit a new motion for expedited discovery as to Doe 1 that sets forth with specificity a discovery plan that addresses the court's concerns as expressed in this order.

IT IS SO ORDERED.

Dated: October 27, 2011

DONNA M. RYU
United States Magistrate Judge

7