UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> DOES 1-101, <br><br> Defendant(s). <br> _____/ | No. C-11-2533-DMR <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY THE COURT'S OCTOBER 27, 2011 ORDER FOR INTERLOCUTORY REVIEW BY THE NINTH CIRCUIT COURT OF APPEALS** |

Plaintiff moves the court pursuant to 28 U.S.C. § 1292(b) to certify its October 27, 2011 order denying Plaintiff's *ex parte* motion to take expedited discovery [Docket No. 27] for immediate interlocutory appeal. The court denies Plaintiff's motion.

## I. Background

Plaintiff filed this action to stop Defendants from reproducing and distributing its copyrighted work via peer-to-peer file swapping networks. (Am. Compl. ¶¶ 1, 7. *See generally* Compl.) Because the alleged infringement occurred on the Internet, Defendants acted under the guise of their Internet Protocol ("IP") addresses rather than their real names. (Am. Compl. ¶ 8.) Therefore, Plaintiff cannot determine Defendants' true identities without procuring the information from their respective Internet Service Providers ("ISPs"), which can link the IP addresses to a real individual or entity. (Am. Compl. ¶ 8.)

On May 26, 2011, Plaintiff filed an *ex parte* motion to take limited discovery and issue subpoenas to the relevant ISPs so that the ISPs would produce the name, address, telephone number, e-mail address, and Media Access Control information attached to each IP address that Plaintiff had discovered through its own investigations. (Pl.'s *Ex Parte* Application for Leave to Take Expedited Discovery 1-3, Ex. A.) The court granted Plaintiff's motion as to Defendant Doe 1 on July 8, 2011

1  and severed the remaining Defendants from the case, because Plaintiff had not met the requirements
2  for permissive joinder under Federal Rule of Civil Procedure 20(a)(2). [Docket No. 7.] Nearly three
3  months later, Plaintiff filed an amended complaint which sought to address the court's joinder
4  concerns. (*See* Am. Compl. ¶¶ 9-30.) Plaintiff then renewed its *ex parte* motion to take limited
5  discovery. [Docket No. 22.]

6  After much consideration, the court found that Plaintiff's sought-after discovery, **as**
7  **designed**, had the potential to draw numerous innocent internet users into the litigation, placing a
8  burden upon them that outweighs Plaintiff's need for discovery. *Pac. Century Int'l Ltd. v. Does 1-*
9  *101*, No. 11-2533, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011). Specifically, the court held
10 that Plaintiff had not shown good cause to partake in expedited discovery, because granting Plaintiff
11 the form of relief that it requested would allow Plaintiff to subpoena ISPs to obtain the detailed
12 personal information of unknown numbers of innocent individuals that Plaintiff could never make
13 party to this suit and potentially subject them to onerous, invasive discovery and/or unfair settlement
14 tactics.[1] *Id.* The court therefore denied Plaintiff's motion and ordered that, once Plaintiff receives a
15 response to its subpoena to Doe 1, Plaintiff take no further action with respect to Doe 1, be it further
16 discovery or sending Doe 1 a settlement letter. *Id.* at *4. Rather, the court ordered Plaintiff to
17 submit a new motion for expedited discovery as to Doe 1 that sets forth with specificity a discovery
18 plan that addresses the court's concerns about the discovery process as expressed in the order. *Id.*
19 The court also severed Defendant Does 2-101 from the case due to case management concerns
20 unrelated to the present motion. *Id.* at *3.

21 Plaintiff now moves the court to certify the following question of law to the Court of Appeals
22 for the Ninth Circuit:

23 A Defendant's identity is unknown to the Plaintiff. Instead, the Defendant is
     associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs)
24   know identity and contact information of the subscriber associated with the IP

---

26 [1] The court noted the that under Plaintiff's present discovery plan, "[p]resumably, every
   desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of
27 any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an
   inspection, [the plaintiff] might require still more discovery, including interrogatories, document
28 requests and even depositions." *Pac. Century Int'l Ltd.*, 2011 WL 5117424, at *2 (quoting *Boy*
   *Racer, Inc. v. Does 1-52*, No. C-11-2329-PSG, at *4 (N.D. Cal. Sept. 13, 2011) (footnote omitted)).

2

address over which infringing activity was observed. Without such information, Plaintiff would be unable to prosecute its case. Is Plaintiff entitled to discovery of the subscriber's contact information by serving ISPs with a subpoena *duces tecum* under Fed. R. Civ. P. 45 where the subscriber's information is necessary, but not always sufficient (without further limited discovery), to ascertain the Defendant's identity?

(Pl.'s Mot. to Certify the Court's Oct. 27, 2011 Order for Interlocutory Review by the Ninth Circuit Court of Appeals ("Pl. Mot.") 2.)

## II. Standard of Review

A court will grant a petition for interlocutory appeal pursuant to 28 U.S.C. § 1292 if the moving party shows "[1] a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b); *see Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also* Fed. R. App. P. 5(a)(3). The court will take the "exceptional" step of deeming a question of law "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citation omitted). That the resolution of the issue "may appreciably shorten the time, effort, or expense of conducting a lawsuit" does not suffice. *Id.* at 1027 (citations omitted). A "substantial ground for difference of opinion" exists when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (citation and quotation marks omitted).

## III. Discussion

Plaintiff's proposed petition does not raise a controlling question of law.[2] Plaintiff correctly asserts that "[w]ithout being allowed to ascertain an anonymous defendant's name, [its] case cannot proceed and its action against the anonymous Doe Defendant [Doe 1] will inevitably be dismissed by the Court under Fed. R. Civ. P. 4(m)." (Pl. Mot. 2-3.) However, the court disagrees with Plaintiff's contention that Plaintiff cannot craft a discovery plan that addresses the concerns that led the court to deny Plaintiff's motion and temporarily suspend further action with respect to Doe 1.

---

[2] Because the court denies Plaintiff's motion on the first prong of the §1292 test, it does not address whether Plaintiff has shown "a substantial ground for difference of opinion." § 1292(b).

(*See* Pl. Mot. 3.)  Although the court expressed its dismay that Plaintiff's counsel previously had made misrepresentations to the court and attempted to "obfuscate the significant degree of discovery required to uncover Defendants' identities," these factors did not form the basis for the court's finding that Plaintiff failed to show good cause to warrant expedited discovery.  *Pac. Century Int'l Ltd.*, 2011 WL 5117424, at *4.  (*But see* Pl. Mot. 1, 3-4.)  The court denied Plaintiff's motion due to concerns about the "burdens of the potentially expansive and intrusive discovery that Plaintiff may need to propound to obtain Defendants' identities" and the coinciding real potential for Plaintiff to employ "abusive settlement tactics" once it receives Doe 1's personal information.  *Pac. Century Int'l Ltd.*, 2011 WL 5117424, at *2 (citing *On the Cheap, LLC v. Does 1–5011*, No. 10-4472-BZ, 2011 WL 4018258, at *3 & n. 6, 4 (N.D. Cal. Sept. 6, 2011); *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).  Nevertheless, the court believes that Plaintiff can develop a discovery proposal that will secure Plaintiff the information that it needs while precluding abuse of the discovery process.  Contrary to Plaintiff's assertion, it has not entered a "procedural cul-de-sac from which there is no appeal."  (Pl. Mot. 2.)

### IV. Conclusion

Because Plaintiff has not presented the court with a controlling question of law in its motion to certify for interlocutory appeal, the motion is DENIED.

IT IS SO ORDERED.

Dated:  November 15, 2011

_____
DONNA M. RYU
United States Magistrate Judge