Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD.,<br>　　　　Plaintiff,<br>　　v.<br>DOES 1-101,<br>　　　　Defendants. | No. C-11-02533 DMR<br>Magistrate Judge: Hon. Donna M. Ryu<br>**PLAINTIFF'S APPLICATION TO TAKE FURTHER ACTION** |

On October 27, 2011, the Court issued an order denying Plaintiff's application for expedited discovery. (ECF No. 27.) In addition to severing Does 2-101 from the case, the Court, *sua sponte*, enjoined Plaintiff from taking "[any] further action with respect to Doe 1." *Id.* at 7. However, the Court indicated that it would consider lifting its injunction if Plaintiff submitted a plan of discovery that satisfied the concerns articulated in the Court's order. *Id.* In its November 15, 2011 Order denying Plaintiff's motion for leave to appeal the October 27, 2011 order, the Court clarified that it had two specific concerns. (ECF No. 30 at 4.) First, the Court is concerned that a future discovery request from Plaintiff could be overly intrusive. *Id.* Second, the Court is concerned that Plaintiff may engage in abusive settlement tactics. *Id.* Plaintiff submits this plan of discovery in order to address the Court's concerns, lift the injunction and proceed with the litigation.

**I. DISCOVERY PLAN**

With respect to the Court's concern about the possible intrusiveness of future discovery requests, at this moment, Plaintiff is not requesting any formal discovery. *See generally* Court

Docket. Plaintiff has received the subscriber's identifying information from the ISP and is simply waiting for the Court to lift its injunction so that it may meet and confer with the subscriber. *See* Declaration of Brett L. Gibbs (hereinafter "Gibbs Decl.") ¶ 2, Exhibit A to this Application. If Plaintiff requires further formal discovery—and the need for further expedited discovery is entirely speculative at this preliminary stage of the litigation—then it will submit a motion to the Court and the Court can evaluate the request at that time. *See* Fed. R. Civ. P. 26. Further, the subscriber is in the best position to evaluate whether a subpoena is overly intrusive and argue as much on a motion to quash. *See Greenlaw v. United States*, 554 U.S. 237 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one."). It is premature to enjoin Plaintiff from progressing in this litigation on the basis of a subpoena that may never be issued or objected to.

With respect to the Court's concern about the possibility of coercive settlement tactics, Plaintiff would submit the following discovery plan. First, Plaintiff will not engage in any further formal discovery prior the Rule 26(f) conference without first obtaining leave from the Court. Gibbs Decl. ¶ 3. Second, Plaintiff will attempt to contact the subscriber identified in the ISP subpoena return. *Id*. If the subscriber is reachable, Plaintiff will meet and confer with the subscriber, inform him of the litigation and, depending on the circumstances, may extend an offer of settlement. *Id.* ¶ 4. If the subscriber can offer a valid defense that is substantiated by credible evidence, Plaintiff will drop its case entirely as to the subscriber. *Id.* ¶ 4. If the subscriber's defense is that some other member of his household committed the infringement, Plaintiff will name and serve the infringer with process. *Id.* ¶ 5. If the subscriber is unable to offer a valid defense and rejects Plaintiff's settlement offer, then Plaintiff will name and serve the subscriber with process. *Id.* ¶ 5. If the

subscriber deliberately evades Plaintiff's attempt to meet and confer, then Plaintiff *may* need to request further discovery from the Court. *Id.* ¶ 6.

Plaintiff understands that the Court is attempting to address the issue of unduly coercive settlement efforts. However, Plaintiff's counsel is unable to conceive of a practical course of action that would allow the Court to review and approve the content of every communication it has with a subscriber. Nor does Plaintiff's counsel believe it would be practical for any court to inject itself deeply into arm's-length negotiations between two mentally competent parties. The subscriber is an adult and deemed capable under the law of making such major life decisions as: joining the military, voting, adopting a child and refusing end-of-life medical treatment. There is no good reason to treat the subscriber any differently than an adult.

To be clear, Plaintiff's counsel is not suggesting that there is no regulation of its communications with the subscriber. Plaintiff's counsel, like every attorney, is bound by rules of professional conduct that are designed to cause attorneys to conduct their business in manner befitting of officers of the court. *See generally* Model Rules of Prof'l Conduct (1983). For example, an attorney may not make fraudulent statements, threaten physical violence or engage in harassment or other vexatious behavior. *Id.* R. 3.1, 3.3-3.4. Plaintiff believes that the rules of professional conduct serve as an appropriate check on the conduct of all attorneys, including Plaintiff's counsel. The Court should be aware that infringers are engaging in joint action to discredit and threaten any attorney that attempts to prosecute copyright infringement, including Plaintiff's counsel—much as they engaged in joint action to infringe Plaintiff's work. *See* Exhibit B to this Application. No court should deny a party equal procedural treatment based on the unsubstantiated accusations of anonymous posters.

## CONCLUSION

The Court should permit Plaintiff to proceed in above described discovery plan.

                    Respectfully Submitted,

                    PACIFIC CENTURY INTERNATIONAL, LTD

**DATED: December 1, 2011**

                    By:      /s/ Brett L. Gibbs, Esq.
                            Brett L. Gibbs, Esq. (SBN 251000)
                            Prenda Law Inc.
                            38 Miller Avenue, #263
                            Mill Valley, CA 94941
                            415-325-5900
                            blgibbs@wefightpiracy.com
                            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 1, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                      /s/ Brett L. Gibbs
                                        Brett L. Gibbs, Esq.