Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., <br>         Plaintiff, <br>   v. <br> DOE 1, <br>         Defendant. | No. C-11-02533 DMR <br><br> **NOTICE OF VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE** |

**NOTICE OF VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE**

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntary dismisses this action in its entirety without prejudice as to the remaining Doe Defendant (hereinafter "Doe 1") who used Internet Protocol ("IP") address 108.0.105.129 to carry out his infringement of Plaintiff's copyrighted works.

Through the Court's December 13, 2011 Order Granting Plaintiff's Application to Take Further Action (hereinafter simply "Order"), Plaintiff's counsel was able to successfully confirm the identity of Doe 1. During a telephone conversation with Plaintiff's lead California counsel on December 27, 2011, the IP address account holder informed Plaintiff's counsel that there were three people living in the account holder's residence. Those three individuals were the only ones with a

known connection to the account holder's Internet. One of those individuals was an elderly woman – the account holder's mother. The account holder herself was a 42-year old woman. Based on certain statements made by the account holder, her lack of familiarity with the computer technology involved in Plaintiff's case, and considering the content of Plaintiff's videos, it seemed unlikely that either of these two females were potential Doe Defendants in this case.

On the other hand, further statements volunteered by the account holder clearly implicated her 27-year old brother. According to the account holder, her brother "was on his laptop computer a lot" [paraphrasing]. While she assumed he merely was looking for a job on the computer considering he was unemployed, she did not monitor his computer usage. When Plaintiff's counsel explained to her the various aspects of Plaintiff's case, including Plaintiff's specific allegations, she said, referring to her brother, "I do believe he did it" [paraphrasing]. The account holder gave Plaintiff's counsel her brother's contact information, and told Plaintiff's counsel that she would speak with her brother about the issue. Plaintiff's counsel attempted to contact the account holder's brother to no avail.

At a later date, Plaintiff's counsel called the account holder back to ask her if she was able to get in touch with her brother. She told Plaintiff's counsel she had spoken with him, and that she had received a copy of the email that Plaintiff's counsel had sent to her brother. When asked whether her brother had admitted to committing the infringement alleged by Plaintiff, she said that he "could neither confirm or deny the allegations" [paraphrasing]. She told Plaintiff's counsel that her brother had contacted an attorney who is possibly representing him, but could not tell Plaintiff of his or her name. When Plaintiff informed her of the upcoming Case Management Conference in this case, and all that it entails, she seemed indifferent, and told Plaintiff's counsel to "go ahead and sue him" [paraphrasing].

Plaintiff now voluntarily dismisses this case in order to bring this suit in the proper District. During his conversation with the account holder, Plaintiff's counsel learned that her 27-year old brother lived with her outside of the Northern District of California. While it was unclear before if, for instance, the infringer was merely a temporary guest of the out-of-District account holder, it seemed clear, after speaking with the account holder, that the likely infringer (i.e. her brother) was in fact a resident of a separate District. As such, Plaintiff voluntarily dismisses this case against Doe 1 in order to pursue the account holder's brother in the appropriate venue.

Plaintiff believes that the Court's Order helped resolve this case. The Court's willingness to allow Plaintiff to go through the normal litigation process and contact the account holder ultimately allowed Plaintiff to identify the sole remaining infringer, and would have allowed Plaintiff to name that individual in this suit had Plaintiff discovered that he resided in this District. Plaintiff reports these facts to the Court to notify the Court of the successful process that led to a favorable disposition, and will allow Plaintiff to pursue Doe 1 in the appropriate federal court.

In accordance with Federal Rule of Civil Procedure 41(a)(1), the Doe Defendants remaining in this case have neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate.

Plaintiff prays that the Court enter a judgment reflecting the above.

///

///

///

///

///

///

///

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: December 28, 2011**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 28, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.